**UNITED STATES of America**

v.

**George ARTHUR, Defendant.**

**No. 01 CR. 276(VM).**

United States District Court, S.D. New York.

May 21, 2003.

Gerald DiChiara, Leonard Joy, Federal Defender Services Unit, Legal Aid Society, New York, for George Arthur (1), defendant.

Diane Gujarati, Assistant United States Attorney, Mary Jo White, United States Attorney, New York, for U.S. Attorneys.

## DECISION AND ORDER

MARRERO, District Judge.

In a letter to the Court dated January 13, 2003 from George Arthur ("Arthur") entitled "Motion For Return Of Property," Arthur seeks the return of a 1994 black Jeep Grand Cherokee (the "Jeep") which was administratively seized by the Drug Enforcement Administration (the "DEA") pursuant to narcotics trafficking activities involving this vehicle that also led to Arthur's arrest on February 27, 2001 and to his criminal conviction on April 12, 2002. The Court has received the Government's response in a letter to the Court dated February 14, 2003 from Assistant United States Attorneys Diane Gujarati and Steven Glaser. The Court construes this matter as a motion pursuant to Federal Rule of Criminal Procedure 41(g). For the reasons stated below, Arthur's motion is denied.

## I. BACKGROUND

On February 27, 2001, Arthur was arrested by agents of the DEA for conduct violating the narcotics laws of the United States. That same day, DEA agents seized Arthur's Jeep ostensibly because of its involvement in the transportation of narcotics and its use at the time of his arrest in furtherance of a narcotics sale. The DEA then sent a Notice of Seizure dated April 10, 2001 to Arthur informing him of his right to contest the administrative forfeiture of the Jeep. The notice informed Arthur that, to do so, he had to file a claim with the Forfeiture Counsel of the DEA by May 15, 2001 identifying the specific property claimed and his interest in this property. No such claim was ever filed.

## II. DISCUSSION

Title 21, section 881 of the United States Code authorizes administrative forfeiture of, as relevant here, "[a]ll conveyances, including ... vehicles, ... which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of" property including "[a]ll controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this title." 21 U.S.C. § 881(a)(1) and (4). Upon the seizure of property intended for forfeiture, proper notice to this effect must be provided "to each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a); see 21 U.S.C. § 881(d). Once properly noticed, an interested party has twenty days to contest the forfeiture by filing a claim of interest with the seizing entity. See 19

U.S.C. § 1608. Doing so terminates the administrative forfeiture and converts the process into a judicial forfeiture. *See* 19 U.S.C. §§ 1603(b), 1608; 21 U.S.C. § 881(d); *Boero v. Drug Enforcement Admin.*, 111 F.3d 301, 304 (2d Cir.1997); *Onwubiko v. United States,* 969 F.2d 1392, 1398 (2d Cir.1992). Otherwise, the property seized shall be deemed forfeited at the end of the twenty-day period. *See* 19 U.S.C. § 1609; *Onwubiko,* 969 F.2d at 1398.

■■■■ An administrative forfeiture removes the *res* from the district court's *in rem* jurisdiction; however, if the forfeiture was procedurally deficient, the district court has jurisdiction to correct the deficiency. *See Boero,* 111 F.3d at 304–305; *Onwubiko,* 969 F.2d at 1398. Here, Arthur never filed a claim of interest with the DEA. Therefore, as a threshold matter, Arthur must establish a procedural deficiency in the forfeiture of his jeep.

The United States Supreme Court has held that actual notice in such cases is not required, and that what is necessary is that notice be " 'reasonably calculated under all the circumstances' to apprise [the interested party] of the pendency of the ... forfeiture." *Dusenbery v. United States,* 534 U.S. 161, 168–69, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 315, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). The Government must demonstrate the " 'reasonableness and hence the constitutional validity of any chosen method [of providing notice] ... on the ground that it is in itself reasonably certain to inform those affected.' " *Id.* at 170, 122 S.Ct. 694 (quoting *Mullane,* 339 U.S. at 315, 70 S.Ct. 652). The Supreme Court explained that "the Due Process Clause ... requires only that the Government's efforts be 'reasonably calculated' to apprise a party of the pendency of the action

...." *Id.* at 170–71, 122 S.Ct. 694 (quoting *Mullane,* 339 U.S. at 315, 70 S.Ct. 652).

Arthur argues that notice of forfeiture in this case was deficient because the notice was sent to his home address when his jeep was seized but, at that time, he was in custody at the Metropolitan Correctional Center in New York, New York (the "MCC") pending trial. In addition to this notification sent to Arthur's home, however, the Government sent a copy of the notice to attorney Leonard Joy who initially represented Arthur in this matter as well as to the MCC where Arthur was being detained. In *Dusenbery,* the Supreme Court sustained the reasonableness of effecting notice of forfeiture on a potentially interested party who is incarcerated by mailing such notice to the facility in which the individual is being held. *Id.* at 172–73, 122 S.Ct. 694. On this basis alone, this Court could reject Arthur's claim of deficient service, and certainly where, on these facts, notice is additionally sent to Arthur's home and to his former attorney, this Court has no doubt that the Government's actions in attempting to effect proper service of the notice of forfeiture were reasonable and, therefore, not deficient.

Furthermore, while, as indicated, the Supreme Court has held that actual notice is not required, *see id.* at 170–71, 122 S.Ct. 694, the Court notes that at a pretrial conference before the Court held on April 30, 2001, Arthur's attorney indicated that Arthur had received one of the notices of forfeiture and that he had explained to Arthur its significance and Arthur's rights in that regard. (Transcript of April 30, 2001 Pretrial Conference at 3–4.)

Because the record does not support Arthur's asserted procedural deficiency in the notification process, the Court lacks jurisdiction over the Jeep. Accordingly, Arthur's motion must fail.

### III. CONCLUSION AND ORDER

For the reasons discussed above, it is hereby

**ORDERED** that Arthur's motion pursuant to Fed.R.Crim.P. 41(g) for return of the vehicle described herein is denied.

**SO ORDERED.**